(109 App. Div. 103.)

PORTER v. PREFERRED ACCIDENT INS. CO.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1905.)

INSURANCE—ACCIDENT INSURANCE—DEATH CAUSED BY INHALING GAS.

    Where an accident policy by its express terms relieved the insurer of liability for injury caused by the "voluntary or involuntary inhalation of any gas or any anæsthetic," or "resulting from any poison or infection accidentally or otherwise taken, administered, absorbed, or inhaled," there could be no recovery where the insured died from the effects of gas inhaled by him while in a hotel, whether the accident occurred because of his mistake or the neglect of some other person.

    [Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, § 1176.]

    Williams and Nash, JJ., dissenting.

Appeal from Trial Term, Oneida County.

Action by Ida C. Porter against the Preferred Accident Insurance Company. From a judgment entered upon a nonsuit, plaintiff appeals. Affirmed.

The action was commenced on the 2d day of October, 1902, to recover upon an accident insurance policy issued by the defendant to one Joseph Porter, now deceased, and in which the plaintiff was named as sole beneficiary.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

Timothy Curtin, for appellant.
S. M. Lindsley, for respondent.

McLENNAN, P. J. The facts are not in dispute. The plaintiff introduced in evidence a policy of insurance bearing date November 15, 1893, duly issued by the defendant, which purported to insure one Joseph Porter against the effects of bodily injury caused solely by external, violent, and accidental means, and provided that if death resulted from such injury within 90 days from the date thereof the defendant would pay the sum of $3,000 to Ida C. Porter, this plaintiff. The policy by its express terms relieved the defendant of liability for bodily injury to the insured and for his death resulting therefrom, if caused by the "voluntary or involuntary inhalation of any gas or any anæsthetic; (n) or injury, fatal or nonfatal, resulting from any poison or infection, accidentally or otherwise taken, administered, absorbed, or inhaled." It is not claimed that the clause quoted, alleged to exempt the defendant from liability, was not legibly and prominently set forth in the policy. Neither is there any evidence to indicate that the insured did not fully understand and appreciate its meaning and effect.

It appears that the insured died from the effects of gas inhaled by him while in a hotel in the city of Utica, N. Y. It is not urged that he committed suicide, and is practically conceded that death resulted from the involuntary inhalation of gas by the deceased. He retired to his room in the hotel, went to bed in the ordinary way, and because of his mistake or the neglect of some other person the gas was left turned on, and the insured was found dead; his death resulting from having inhaled gas, concededly unconsciously. It must be conceded that an accident insurance company has the right to limit its liability in any reasonable manner; has the right to provide that in no case will it be liable if the death of the insured results from the effects of gas, inhaled voluntarily or involuntarily. We think that was the intention of the parties as indicated by the express language used in the policy in question. The meaning is no different than if the policy provided that the defendant would not be liable if the death of the insured resulted from the effects of dynamite, a railroad accident, or from yellow fever. The words employed in the exemption from liability clause quoted clearly indicate an intention to avoid liability where death is caused by the inhalation of gas. Concededly gas was inhaled by the deceased, and such inhalation caused his death. It was not voluntary, but nonliability for the death of the insured by the involuntary as well as the voluntary inhalation of gas was provided for. The words "or any anæsthetic," which follow the clause above quoted, do not in any manner enlarge the scope or meaning of the words "voluntary or involuntary inhalation of gas." The whole clause, considered together, must mean that, if the death of the insured resulted from the voluntary or involuntary inhalation of gas, no

recovery could be had, and also that if death resulted from the inhalation of any anæsthetic, whether voluntary or involuntary, there would be no liability on the part of the insurer.

The courts have gone a long way in construing insurance policies so as to resolve every doubt and every ambiguity in favor of the insured; but in this case there does not seem to be doubt as to what was intended by the parties to the contract or any ambiguity as to the meaning of the language employed to express such intention. In the case of Paul v. Travelers' Insurance Company, 112 N. Y. 472, 20 N. E. 347, 3 L. R. A. 443, 8 Am. St. Rep. 758, the policy provided that the insurance company should not be liable if the death of the insured resulted from the "inhaling of gas or by any surgical operation or medical treatment," and the court held that the words "inhaling of gas" contemplated a voluntary and intelligent act by the insured; but in this case the involuntary, as well as the voluntary, act is provided against. The Menneily Case, 148 N. Y. 596, 43 N. E. 54, 31 L. R. A. 686, 51 Am. St. Rep. 716, is clearly distinguishable from the one at bar. In that case the court said, referring to the alleged exemption from liability clause in the policy: "The manifest purpose of the provision is to exempt the insurer from liability where the insured has voluntarily and consciously" inhaled, etc. In that case the policy did not provide, as is done in this, against the "involuntary inhalation of gas."

We think no case can be found which would justify a recovery under the provisions of the policy in suit, upon the conceded facts. By the plain and unambiguous terms of the contract the insurer was not to be held liable for the death of the insured, in case such death resulted from the voluntary or involuntary inhalation of gas. The death of the insured concededly did result because of the involuntary inhalation of gas by him. The nonsuit was right, and the judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur, except WILLIAMS and NASH, JJ., who dissent upon the ground that the inhaling of gas in the circumstances of this case was not covered by the exceptions in the policy in question.